**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JOSE HERIBERTO GUERRA PULUC,**

**Petitioner,**

**v.**

**JASON BENZEL, et al.,**

**Respondents.**

**Civil Action No. 26-12962 (SDW)**

**OPINION**

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jose Heriberto Guerra Puluc, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Guatemala. (ECF No. 6-1 at 1). He entered the United States at an unknown place and time. (*Id.*)

3. On September 26, 2026, Petitioner was arrested by the West New York Township Police Department on simple assault and endangering the welfare of a child charges. (*Id.* at 3).

4. ICE entered a detainer against Petitioner. (*Id.*) Petitioner was taken into ICE custody on September 27, 2026. (*Id.*)

5. ICE issued a Notice to Appear and warrant to Petitioner on September 28, 2026. (ECF No. 6-2 at 2; ECF No. 6-3 at 2).

6. This Petition followed on October 3, 2026. (ECF No. 1).

7. On October 7, 2026, ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 6-4 at 2). Petitioner requested a review of that determination by an immigration judge. (*Id.*)

8. Petitioner appeared before an immigration judge on October 13, 2026 and asked to withdraw his bond request in order to obtain counsel. (ECF No. 6-5 at 2). The immigration judge granted his request and dismissed the bond petition without prejudice. (*Id.*)

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. The parties agree that Petitioner is detained pursuant to §1226 and that he remains eligible to seek a bond hearing before an immigration judge. (ECF No. 7 at 1). Respondents assert that no further relief is warranted pursuant to § 2241, (ECF No. 6 at 4), but Petitioner argues that this Court should retain jurisdiction over the Petition until Petitioner has an opportunity to obtain counsel and file a new request for a bond hearing, (ECF No. 7 at 2).

12. "Immigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B.*

*v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

13. Petitioner remains eligible to request a bond hearing if he wishes to contest his current detention. It would not be an efficient use of this Court's limited resources to stay the proceedings while he does so, especially considering that he does not indicate a timeframe in which he plans to request a new hearing. (*See generally* ECF No. 7).

14. Accordingly, the Petition will be dismissed without prejudice.

15. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 30, 2026